The **HOME INSURANCE COMPANY OF INDIANA**, Plaintiff,

v.

Michael R. **WALSH**, et al., Defendants.

Civ. A. No. H–91–3489.

United States District Court,
S.D. Texas,
Houston Division.

March 4, 1994.

---

James Alexander McCorquodale, Vial Hamilton Koch & Knox, Dallas, TX, for Home Ins. Co. of Indiana.

Paul E. Licata, Houston, TX, for Michael R. Walsh.

O.W. Bussey, Jr., Pinson & Bussey P.C., Houston, TX, for Greenwood, Koby, Old, Pinson & Bussey, Theo W. Pinson.

James H. Limmer, Tekell Book Matthews & Limmer, Houston, TX, for Gwynne E. Old.

Mary E. Baker, Trans Texas Gas Corp., Houston, TX, for F.D.I.C.

## ORDER

NORMAN W. BLACK, Chief Judge.

Pending before the Court are several motions including Plaintiff's motion for summary judgment and Defendant Old's motion for partial summary judgment. Responses have been filed to the motions. After careful review, the Court finds that Plaintiff's motion should be granted and the remaining motions denied.

This case involves a legal malpractice insurance policy issued by Plaintiff to the law firm of Greenwood, Koby, Old, Pinson & Bussey. A legal malpractice action was filed by Defendant Walsh in the 151st District Court of Harris County. Plaintiff has asked this Court to find that the claims made by Walsh against the other Defendants are not covered under the policy issued by Plaintiff. Conversely, Defendant Old wants this Court to find that Plaintiff has a duty to provide him with a complete defense.

Summary judgment is authorized if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The United States Supreme Court has interpreted this rule to mandate the entry of summary judgment after an adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Defendants Walsh, Bussey and Koby decided to acquire and develop two adjoining tracts of land. Bussey and Koby, partners in the law firm, were also owners of Fidelity Federal Savings and Loan Association ("Fidelity"). Fidelity loaned Walsh the money for one tract, retaining a 25% interest in any profits. The second tract was financed by Texas National Bank—Westheimer ("TNB"). This loan was initiated and negotiated by Bussey and Koby and due in one year. When the note matured, Walsh borrowed money from another bank to pay it off and when that note became due it was paid with funds received from TNB. Koby and Bussey personally guaranteed the loans.

The TNB note was to be paid with funds from Fidelity but when it matured Fidelity was under regulatory supervision and could not fund the loan. Without these funds Walsh was unable to pay off the TNB loans and after default was foreclosed on. TNB then went into receivership and the FDIC sued Walsh on the loans and Koby and Bussey on their guarantees. Koby and Bussey subsequently filed for bankruptcy. In the FDIC's suit against Walsh, Walsh filed a third-party claim against the law firm and its former partners for legal malpractice. Plaintiff contends all of these claims arise from business transactions in which the lawyers were participants and as a result are excluded from coverage under the policy.

It is undisputed that the policy in question covered the period from May 1, 1988 through May 1, 1989. On May 10, 1989 Plaintiff received notice from the firm that Walsh had filed a third-party action against its insured on April 24, 1989. Plaintiff sent a reservation of rights letter to the firm on May 19, 1989 acknowledging receipt of the claim. The letter explains that Plaintiff will provide

a defense but reserves the right to deny coverage based on policy exclusions.

Defendant Old contends in his motion that because Plaintiff agreed to provide a defense it waived its right to and/or is estopped from seeking a judicial declaration that it has no duty to defend him. The only evidence offered in support of his motion is the reservation of rights letter. For either waiver or estoppel to apply an insurer must assume "an insured's defense without declaring a reservation of rights or obtaining a non-waiver agreement...." *State Farm Lloyds, Inc. v. Williams,* 791 S.W.2d 542, 550 (Tex.App.—Dallas 1990, writ denied). To prevail, Old has the burden of proof. *See Pennsylvania National Mutual Casualty Insurance Co. v. Kitty Hawk Airways, Inc.,* 964 F.2d 478, 481 (5th Cir.1992).

Old has failed to meet his burden. First, he fails to establish that Plaintiff had sufficient knowledge of the facts and circumstances indicating non-coverage. Second, he fails to show Plaintiff failed to issue an effective reservation of rights letter. The Plaintiff's letter specifically states:

> [F]or the reasons set forth above and for such other good and sufficient reasons as may hereafter appear, this Company is accepting your notice of claim, and is providing you with a defense, under a full and complete reservation of all of its rights with respect to coverage.

There is no question that Plaintiff reserved its right to contest coverage.

Plaintiff's summary judgment motion is based on the following exclusions contained in the policy:

> (b) to any claim made by or against any business enterprise not named in the Declarations which is owned by the Insured or in which the Insured is a partner or employee, or which is controlled, operated or managed by the Insured, either individually or in a fiduciary capacity, including the ownership, maintenance or use of any property in connection therewith, or to any claim made against the Insured solely because the Insured is a partner, officer, director, stockholder employee or employee of any firm or corporation not named in the Declarations.

> (c) to liability arising out of the Insured's services and/or capacity as ... an officer, director, partner, trustee, or employee of a business enterprise or charitable organization or pension, welfare, profit sharing, mutual or investment fund or trust.

> (h) to any claim based upon or arising out of the work performed by the Insured, with or without compensation, with respect to any corporation, fund, trust, association, partnership, limited partnership, business enterprise or other venture, be it charitable or otherwise, of any kind or nature in which any Insured has any pecuniary or beneficial interest, irrespective of whether or not an attorney-client relationship exists, unless such entity is named in the Declarations. For purposes of this policy, ownership or shares in a corporation shall not be considered a "pecuniary or beneficial interest" unless on Named Insured or members of the immediate family of the Named Insured own(s) 10% of the issued and outstanding shares of such corporation.

In *Potomac Insurance Co. v. McIntosh,* 167 Ariz. 30, 804 P.2d 759 (App.1990), *review denied,* 168 Ariz. 156, 812 P.2d 629 (1991), the Court considered exclusions similar to (b) and (c) in the Home policy. In that case a limited partnership was formed to develop some property and the general partner was a lawyer. His firm had represented the claimants in several legal matters. The development failed and claimants lost over $260,000. A legal malpractice claim was plead in the resulting lawsuit. The insurer argued that the claims arose solely in connection with the lawyers participation in the partnership, a business enterprise not named in the Declarations, and as a result there was no coverage. The claimants argued they were seeking damages only for his negligence as an attorney and that the business enterprise exclusions did not apply. The Court concluded that the liability incurring event arose out of the business activities of the limited partnership and that there was no coverage. *See also Aragona v. St. Paul Fire & Marine Insurance Co.,* 281 Md. 371, 378 A.2d 1346, 1350–51 (1977); *Dukart v. National Union*

*Fire Insurance Co.,* 1993 WL 331175 (Del.Super.1993).

The policy in this case is even more clear because of exclusion (h). Neither Fidelity nor the Wheatland Joint Venture is named in the declarations of the Home policy. Koby and Bussey each owned 50% of Fidelity and the profit participation development loan gave Fidelity 25% of any profits realized on the investment. Walsh's claims are clearly based upon work performed by Koby and Bussey in their capacities as owners of Fidelity, a business enterprise independent of the law firm. The policy issued by Plaintiff does not cover the conduct of Koby and Bussey in these business transactions. Even if they represented Walsh in some legal matters, Koby and Bussey's personal business pursuits trigger the exclusions. Walsh's loss, if any, was caused by Fidelity Federal's failure to fund the loan, not from any special risks inherent in the practice of law. Based on the above, it is

ORDERED that Plaintiff's motion for summary judgment (entry 35) is GRANTED. It is further

ORDERED that Defendant Old's motion for partial summary judgment (entry 34) is DENIED. It is further

ORDERED that the motions for leave to file a first amended answer filed by Defendants Old and Pinson (entries 32 and 42) are DENIED. It is further

ORDERED that Defendant Pinson's motion for abatement of proceedings (entry 43) is DENIED.

IT IS SO ORDERED.